IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KURT VON STADEN, ) | No. C 09-3789 MMC (PR) |
| Petitioner, ) | **ORDER STAYING PETITION; DENYING MOTION FOR APPOINTMENT OF COUNSEL; DIRECTING CLERK TO ADMINISTRATIVELY CLOSE FILE** |
| v. ) | |
| MICHAEL S. EVANS, Warden, ) | |
| Respondent. ) | **(Docket No. 2, 3)** |
| _____ ) | |

On August 18, 2009, petitioner, a California prisoner proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition challenges convictions for burglary and grand theft, both of which were obtained on December 17, 2004, in the Marin County Superior Court. The petition contains seven claims, six of which petitioner asserts were exhausted in the state courts, and one that petitioner concedes is unexhausted.

Together with the petition, petitioner has filed a motion to stay the petition while he returns to state court to exhaust the unexhausted claim. In support of his motion petitioner states the direct appeal of his convictions was completed in 2008, but the unexhausted claim, a claim of ineffective assistance of counsel, is based on evidence that was not presented at petitioner's state court trial and, therefore, could not have been raised on direct appeal. Petitioner seeks either a stay of the entire mixed petition for good cause, or leave to amend the petition to delete the unexhausted claim and a stay of the newly-amended petition.

A district court may stay a mixed habeas petition, i.e., a petition containing both

exhausted and unexhausted claims, to allow the petitioner to exhaust state court remedies as to those claims that have not yet been presented to the state's highest court. See Rhines v. Webber, 544 U.S. 269, 277-78 (2005). In Rhines, the Supreme Court discussed the stay-and-abeyance procedure, explaining that a stay and abeyance "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," the claims are not meritless, and there are no intentionally dilatory litigation tactics by the petitioner. Id. If the stay is granted, the petitioner does not have to worry that his newly-exhausted claims will be barred by the statute of limitations because those claims remain pending in federal court. King v. Ryan, 564 F.3d 1133, 1139, 1140. (9th Cir. 2009).

By contrast, where a petitioner deletes his unexhausted claims and seeks a stay of a fully-exhausted petition while he returns to state court to exhaust the unexhausted claims, no showing of good cause is required to stay the petition. Id. Once the claims are exhausted, however, the petitioner must amend his petition to add the newly-exhausted claims; importantly, such amendment must take place within the one-year statute of limitation set forth at 28 U.S.C. § 2244(d)(1), or the newly-exhausted claims will be dismissed as untimely. Id. at 1140-41.

Here, petitioner asserts his unexhausted claim alleging ineffective assistance of counsel, which claim challenges his trial counsel's failure to present evidence to contest a prior serious felony used for three strikes purposes, is based on evidence that was not raised at trial and, therefore, could not have been raised on appeal. He further asserts that he has not engaged in dilatory tactics and that he will file a state court application for habeas corpus relief with respect to the unexhausted claim within a reasonable period of time from the date he filed the instant request. Moreover, petitioner's claim is not, on its face, meritless. Under such circumstances, the Court finds good cause exists to grant a stay of the entire mixed petition, rather than requiring petitioner to delete the unexhausted claim prior to granting a stay.

Petitioner has filed a motion for appointment of counsel to represent him in this

action. The Sixth Amendment's right to counsel does not apply in habeas actions. Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir.), cert. denied, 479 U.S. 867 (1986). Pursuant to statute, however, a district court is authorized to appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require and such person is financially unable to obtain representation." See 18 U.S.C. § 3006A(a)(2)(B). Here, petitioner's claims have been adequately presented in the petition and the interests of justice do not otherwise require the appointment of counsel. Accordingly, petitioner's motion for appointment of counsel is hereby DENIED.

For the foregoing reasons, and good cause appearing, petitioner's request for a stay is hereby GRANTED, and the above-titled action is hereby STAYED until petitioner exhausts the unexhausted claim and, provided petitioner, within thirty days of exhausting said claim, moves to reopen this action and lift the stay, for such additional period of time and until the Court thereafter orders the stay lifted.

The Clerk shall ADMINISTRATIVELY CLOSE the file pending the stay of this action.

This order terminates Docket No. 2 and 3.

IT IS SO ORDERED.

DATED: September 9, 2009

_____
MAXINE M. CHESNEY
United States District Judge

3