IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KURT VON STADEN, ) | No. C 09-3789 MMC (PR) |
| ) Petitioner, ) | **ORDER RE-OPENING CASE;** |
| ) v. ) | **ORDER TO SHOW CAUSE;** <br> **DIRECTIONS TO CLERK** |
| ) MICHAEL S. EVANS, Warden, ) | **(Docket No. 6)** |
| ) Respondent. ) | |
| _____ ) | |

On August 18, 2009, petitioner, a California prisoner proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner conceded that one of the claims therein had not been exhausted in the state courts.

Together with the petition, petitioner filed a motion to stay the petition while he returned to state court to exhaust the unexhausted claim. On September 9, 2009, the Court granted petitioner's motion to stay the petition pending exhaustion of his claims in the California Supreme Court.

On April 4, 2012, petitioner: (1) notified the Court that the California Supreme Court had denied his state habeas petition on March 21, 2012; and (2) filed a motion to lift the stay and reopen the action.[1]

---

[1] In his April 4, 2012 filing, petitioner sought to lift stays that had been ordered in both the above-titled petition and in a separately filed related petition, C 09-3788. The Clerk of Court, not realizing petitioner was filing the motion in both actions, filed the motion only in C 09-3788 MMC. The oversight was recently brought to the Court's attention, and petitioner's "Motion to Lift Stay and Reopen Action" has been filed in the instant action as well. (See Doc. No. 6.)

The Court will re-open the instant action and, for the reasons set forth below, order respondent to show cause why the petition should not be granted.

## BACKGROUND

In 2005, in the Superior Court of Marin County, a jury found petitioner guilty of burglary (Cal. Pen. Code § 459) and grand theft (Cal. Pen. Code § 487(a)), and the trial court found petitioner had sustained multiple prior felony convictions within the meaning of California's Three Strikes law. Additionally, in a separate Marin County case, tried to a jury in 2004, petitioner was found guilty of two counts of possession of methamphetamine (Cal. Health & Safety Code § 11377(a)) and one count of possession of a concealed dirk or dagger (Cal. Pen. Code § 12020(a)), and the jury found petitioner had sustained multiple prior felony convictions within the meaning of the Three Strikes law.

In a single sentencing proceeding, petitioner was sentenced to an aggregate term of 39 years and 8 months to life in state prison, comprising 27 years to life on the burglary and grand theft charges and a consecutive 1 year and 8 months on the drug and weapons charges. The California Court of Appeal consolidated the cases and affirmed the judgment, and the California Supreme Court denied review.

The above-titled petition is based solely on the burglary and grand theft charges. The methamphetamine and concealed weapons charges are the subject of the above-referenced separately filed petition.

## DISCUSSION

A.  Standard of Review

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the

petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (quoting Blackledge v. Allison, 431 U.S. 63, 75-76 (1977)).

B.  Petitioner's Claims

Petitioner raises the following claims for relief: (1) the trial court failed to instruct the jury that an individual who takes personal property with the good faith belief that the property has been abandoned by the owner, or that he has permission to take the property, is not guilty of theft; (2) the trial court failed to instruct the jury that an individual who enters a building with the good faith belief that the entry was with the consent of the owner, or was to commit acts that were not criminal, is not guilty of burglary; (3) the trial court erroneously denied his request for a jury trial on the issue of whether his prior conviction for vehicular manslaughter was a serious felony for purposes of California's Three Strikes Law; (4) petitioner was denied a meaningful opportunity to contest factual issues relating to said prior conviction; (5) the prosecution failed to present sufficient or appropriate evidence to establish said prior conviction; (6) the trial court erroneously imposed an increased sentence by reason of said prior conviction; and (7) trial counsel rendered ineffective assistance by failing to present evidence as to said prior conviction, which evidence would have shown said conviction was not a serious felony for purposes of California's Three Strikes Law. Liberally construed, petitioner's claims are cognizable.

## CONCLUSION

For the reasons stated above, the Court orders as follows:

1. Petitioner's request to reopen is hereby GRANTED, and the Clerk is directed to ADMINISTRATIVELY REOPEN the instant action.

2. The Clerk shall serve by certified mail a copy of this order, the petition and all attachments thereto on respondent and respondent's counsel, the Attorney General for the State of California. The Clerk shall also serve a copy of this order on petitioner.

3. Respondent shall file with the Court and serve on petitioner, within **ninety (90)** days of the date this order is filed, an answer conforming in all respects to Rule 5 of the

Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on petitioner's cognizable claims. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent's counsel within **thirty (30)** days of the date the answer is filed.

4. In lieu of an answer, respondent may file, within **ninety (90)** days of the date this order is filed, a motion to dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within **thirty (30)** days of the date the motion is filed, and respondent shall file with the Court and serve on petitioner a reply within **fifteen (15)** days of the date any opposition is filed.

5. Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel.

6. It is petitioner's responsibility to prosecute this case. Petitioner must keep the Court and respondent informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

7. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

This order terminates Docket Number 6.

IT IS SO ORDERED.

DATED: April 16, 2013

MAXINE M. CHESNEY
United States District Judge

4