United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KURT VON STADEN, ) | No. C 09-3789 MMC (PR) |
| Petitioner, ) | **ORDER DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL OR ORDER EFFECTUATING RESEARCH CAPABIILITY** |
| v. ) | |
| MICHAEL S. EVANS, Warden, ) | |
| Respondent. ) | **(Docket No. 21)** |
| _____ ) | |

On August 18, 2009, petitioner, a California prisoner currently incarcerated at San Quentin State Prison ("SQSP") and proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Together with the petition, petitioner filed a motion to stay the petition while he returned to state court to exhaust a concededly unexhausted claim alleged therein. On September 9, 2009, the Court granted petitioner's motion to stay the petition pending exhaustion

On April 4, 2012, petitioner (1) notified the Court that the California Supreme Court had denied his state habeas petition and (2) filed a motion to lift the stay and reopen the

action. Thereafter, the Court reopened the action and ordered respondent to show cause why the petition should not be granted. On February 11, 2014, respondent filed an answer. Petitioner's traverse is currently due on or before July 9, 2014.

Now before the Court is petitioner's "Motion for Appointment of Counsel; or Order Effectuating Research Capability," wherein petitioner states that "San Quentin State Prison has turned off legal research computers and there is no other adequate facility or resource to research, prepare, and present pleadings." (Dkt. 21 at 1.) Petitioner asserts "[s]uch denial of research capability is denial of meaningful access to courts and due process" (id.), and seeks either an order appointing counsel or an order "restor[ing] his research capability" (id.).

The Sixth Amendment's right to counsel does not apply in habeas actions. Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir.), cert. denied, 479 U.S. 867 (1986). Pursuant to statute, however, a district court is authorized to appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require and such person is financially unable to obtain representation." See 18 U.S.C. § 3006A(a)(2)(B). Here, petitioner's claims have been adequately presented in the petition, and the interests of justice do not otherwise require the appointment of counsel. Accordingly, petitioner's motion for appointment of counsel is hereby DENIED. Should the circumstances of the case materially change, the Court may reconsider petitioner's request sua sponte.

Next, with respect to petitioner's alternative request, the Court finds petitioner has not made a sufficient showing to warrant such relief. An order directing the Warden to provide access to legal research computers or directing the Warden as to how he should allocate library resources would require the Court to intervene in the day-to-day matters of state prison administration, an entanglement the United States Supreme Court has cautioned federal courts to avoid. See Turner v. Safley, 482 U.S. 78, 84-85 (1987) (acknowledging need for courts to exercise restraint before interfering in the complex realm of prison administration). Accordingly, petitioner's motion for an "order effectuating research capability" is hereby DENIED. If petitioner needs additional time based on limited access to the prison law library, he may seek an extension of time. Any such request, however, must

be supported by a showing of the specific shortcomings in the prison's legal library that are hindering petitioner's efforts to prepare his traverse. General representations that the prison has no "adequate facility or resource" will not suffice. The court notes that it continues to receive filings from other prisoners incarcerated at SQSP without incident. Nothing received by the court suggests that SQSP officials are preventing prisoners from researching legal papers.

This order terminates Docket No. 21.

IT IS SO ORDERED.

DATED: May 21, 2014

_____
MAXINE M. CHESNEY
United States District Judge